# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

    EMMANUEL QUENTIN WYLIE,

                                   Case No. 20-mc-50941

                                   HON. DENISE PAGE HOOD

_____/

## ORDER DENYING PERMISSION TO FILE ACTION PURSUANT TO COURT ORDER SEEKING LEAVE TO FILE COMPLAINT
## and
## CLOSING MISCELLANEOUS MATTER

Plaintiff Emmanuel Quentin Wylie filed several documents for judicial review seeking permission for leave to file a complaint pursuant to a court order dated October 30, 2019 entered by the undersigned barring Plaintiff "from filing any new action without first obtaining permission from the judge assigned to any new proposed complaint ..."  (Case No. 19-12605, ECF No. 6)  Many of the documents submitted are titled "Judicial Notice of Quiet Title and Involuntary Conversion" and Plaintiff cites various statutes, regulations and cases.

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court.  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); see also, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).  "There is nothing

unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269. A district court need only impose "a conventional prefiling review requirement." *Id.* The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. See e.g., *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

After review of the documents submitted by Plaintiff, the Court finds the claims are unintelligible and do not state facts to support any claim. Plaintiff's allegations are frivolous and fail to state a claim upon which relief can be granted. See *Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987).

Accordingly,

IT IS ORDERED that Plaintiff's Judicial Notice of Quiet Title and Involuntary Conversion and other claims alleged in the documents submitted **(ECF Nos. 1-6)** are DENIED. The Court declines to allow Plaintiff from filing a complaint.

IT IS FURTHER ORDERED that this matter is deemed CLOSED on the

docket.

s/Denise Page Hood
Chief United States District Judge

DATED: July 8, 2021